**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

| | |
|---|---|
| **DANIEL JOHNSON,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MICHAEL J. ASTRUE,** )<br>**Commissioner of Social Security,** )<br>)<br>**Defendant.** ) | **CIVIL ACTION NO.: 5:08-01166** |

**MEMORANDUM OPINION AND JUDGMENT ORDER**

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's Application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 40 - 433, 1381-1383f. The parties have consented to jurisdiction before the undersigned United States Magistrate Judge. (Document Nos. 2 and 3.)

On January 29, 2009, counsel for Plaintiff filed a Motion for Voluntary Dismissal and Memorandum of Law in Support (Document Nos. 9 and 10 .) In support of the Motion, counsel asserts that "[u]pon reviewing the entire record in this matter supplied by the Social Security Administration, Plaintiff and counsel do not believe that substantial evidence of disability exists in this record." (Document No. 10.) Plaintiff therefore, requests that this action be voluntarily withdrawn because Plaintiff "intends to pursue a second Social Security Application based upon his current status and does not wish to pursue this appeal." (Id.) Defendant has not yet responded to Plaintiff's Motion.

As Defendant already has filed an Answer, this action can be dismissed voluntarily only by

Order of the Court, under Rule 41(a)(2) of the Federal Rules of Civil Procedure.[1] The purpose of this rule "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of N. Am., 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Regarding these four factors, the undersigned finds that this case has not proceeded beyond the Defendant's filing of an Answer to Plaintiff's Complaint. Although Defendant has expended some time in preparing an Answer to Plaintiff's Complaint and producing the Transcript of the administrative record, he has not incurred any considerable expense in preparing his brief in support of judgment on the pleadings. Concerning the third factor, Plaintiff explains that he believes there is substantial evidence to support a finding of non-disability and that he intends to pursue a second application for benefits based on his current status. Any prejudice to the Defendant therefore, has

---

[1] Rule 41(a)(2) provides:

By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

been slight, and dismissal of this case will bring an end to it.

Accordingly, for the reasons stated herein, it is hereby **ORDERED** that Plaintiff's Motion for Voluntary Dismissal (Document No. 9.) is **GRANTED** and this action is deemed **voluntarily DISMISSED** without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). The Clerk is directed to remove this action from the docket of the Court.

The Clerk is directed to file this Judgment Order and send a certified copy of the same to counsel of record.

ENTER: February 3, 2009.

R. Clarke VanDervort
United States Magistrate Judge